OPINION. Arundell, Judge: The issue herein concerns the includibility in decedent’s gross estate of the sum of $37,483.25 paid to his executrix under the terms cf the bonus plan of decedent’s employer. The respondent has determined that the payment is subject to the estate tax under section 811 (a) or 811 (f) of the Internal Revenue Code, or both, and that a deficiency of $1,930.70 exists in the estate tax. Section 811 (a) provides “The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * * To the extent of the interest therein of the decedent at the time of his death.” Under the provisions of an established bonus plan, decedent’s employer awarded substantial sums to him in 1946, 1947, and 1948. Part of the 1948 cash award was required to be invested in capital stock of the corporate employer. The bonus plan provided that each beneficiary was to be notified by a bonus custodian appointed by officials of the Company of his bonus award, subject to the provisions of the plan The bonus custodian then opened an account for each beneficiary, charging him with the total number of shares or cash in his award. One-fourth of the award was immediately deliverable to the beneficiary, the balance to be paid to him in three equal annual installments. At the time of decedent’s death, portions of each of the three awards in question remained undelivered. After careful study of the bonus plan, we are convinced that at the time of his death decedent had a property interest in the undelivered cash and stock sufficient to require their inclusion in his gross estate. The plan provided that awards might be made in cash or in stock reacquired by the Company or in cash to be invested in new common stock issued directly to the beneficiary. It was specifically provided that the recipient of an award of cash to be invested in stock should sign a subscription for the stock and that the shares should be issued in the name of the beneficiary. Payment for the shares was to be made by the beneficiary through the bonus custodian from cash bonuses. All the rights of a stockholder were expressly vested in the beneficiary by the plan. The record does not disclose the extent of the rights of a stockholder of the Company in question but among the principal rights of stockholders in ordinary business corporations are the rights to attend and vote the corporate meetings, to elect directors, and to participate in dividends. 18 C. J. S. 1156. We think it manifest that a corporation is without authority to vest such rights in anyone other than an owner of corporate stock. In light of these factors, we think it clear that the beneficiary became the owner of the shares of stock, subject to the right of the bonus custodian to retain possession of a portion of them. It is petitioner’s contention that decedent had no interest in the undelivered cash and stock at the time of his death within the meaning of section 811 (a). In support of that contention, petitioner submits that the Company was free to abandon the plan at any time and to impose any restrictions it chose upon the awards made. While it is clear that the Company could cease making awards at any time or impose additional restrictions applicable to future awards, the plan expressly provided that no modification should operate to annul bonus awards already granted without the consent of the beneficiary. Petitioner relies on the restriction in the plan against the sale, assignment, or pledge by the beneficiary of undelivered shares of stock awarded to him but held by the bonus custodian. The importance in this restriction, however, lies in the fact that the plan required the bonus custodian to procure from the beneficiary “an irrevocable power of attorney” which provided that the beneficiary would not sell, assign, or pledge stock in the custody of the bonus custodian. It also empowered the bonus custodian to receive and hold any stock dividend declared on the stock in his custody until release of the stock to the beneficiary and to sell the stock and make settlement as provided in the plan upon the beneficiary’s leaving the service of the Company. For the Company to require a document of that nature from the beneficiary seems to us to be wholly inconsistent with the theory that the beneficiary has no interest in the property. The plan further provided that in the event of a beneficiary’s leaving the service of the Company those portions of awards remaining in the debit account of the beneficiary might be transferred to the appropriate Company account in the discretion of the officials of the Company, and it has been stipulated that it was the usual practice of the Company to require forfeiture in such cases. Petitioner asserts that by reason of this provision of the plan, decedent did not become the owner of an installment until he had actually received it. This argument is equivalent to a contention that continued employment was a condition precedent to ownership of each installment. We think it clear, however, that the provision in question, significantly entitled “Forfeiture by Beneficiary,” created rather a condition subsequent to the award, by the operation of which awards previously granted might be forfeited. A vested property interest is no less the property of its owner by reason of a mere possibility that his interest may be divested. At the end of each month that a beneficiary continued in the service of the Company, the bonus custodian transferred a proportionate amount of the unpaid balance of each award from a debit to a credit in the account of the beneficiary, after which the amount so credited was no longer subject to forfeiture. At the time of decedent’s death, cash and stock of the value of $10,895.63 had been so credited to decedent and would have been payable even if he had left the service of the Company. The balance of the undelivered $37,483.25, however, was also the property of the decedent at the time of his death, since the condition subsequent had not operated so as to divest the interest of decedent, who was still in the employ of the Company. It follows, therefore, that the respondent was correct in including the entire amount of $37,483.25 in decedent’s gross estate as property in which he had an interest at the time of his death under section 811 (a). The numerous cases cited by petitioner, while interesting and instructive, differ materially from the particular factual situation herein presented and are not controlling as regards the question before us. Having found that the entire amount in question is includible under section 811 (a), we deem it unnecessary to consider the applicability of section 811 (f) of the Internal Kevenue Code. Decision will be entered under Rule 50.